1  Jeffrey G. Sheldon (SBN 67516)
2  jsheldon@cislo.com
   Katherine M. Bond (SBN 263020)
3  kbond@cislo.com
   CISLO & THOMAS LLP
4  12100 Wilshire Blvd., Ste. 1700
5  Los Angeles, California 90025
   Telephone: (310) 979-9190
6

7
   Attorneys for Plaintiff
8  SAN ANTONIO WINERY, INC.

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  SAN ANTONIO WINERY, INC., a          )  Case No.: 2:25-cv-07056
15  California corporation,               )
                                          )  COMPLAINT FOR
16            Plaintiff,                   )  DECLARATORY RELIEF OF NO
                                          )  TRADEMARK INFRINGEMENT
17       v.                               )
                                          )
18  JAMES LINDSAY, an individual,        )
19                                        )
              Defendant.                  )
20                                        )
21                                        )

22

23

24

25

26

27

28

                                                              COMPLAINT

Plaintiff San Antonio Winery, Inc., through its attorneys Cislo & Thomas LLP, alleges as follows:

## **INTRODUCTION**

1.  San Antonio Winery, Inc. ("San Antonio") brings this action for a declaratory judgment of non-infringement of U.S. Trademark Application Serial No. 98528597 for the mark "TURN UP" and any common law rights owned by James Lindsay ("Defendant").

2.  Defendant has alleged that San Antonio has infringed his trademark rights and is demanding San Antonio cease use of its mark, destroy all materials bearing the mark, and variations thereof and pay Defendant damages. Defendant has threatened "legal action" if San Antonio does not comply.

3.  San Antonio maintains that it does not infringe Defendant's trademark rights, if any.

4.  Defendant's actions have created a real and immediate controversy between San Antonio and Mr. Lindsay as to whether San Antonio's use of TURNT UP BY THE CHAMP and/or TURNT UP infringe any rights of Defendant.

5.  San Antonio has requested Defendant retract his infringement allegations and Defendant has refused. Thus, it is highly likely that Defendant will bring a trademark infringement action against San Antonio.

6.  Defendant's allegations and potential litigation threaten to disrupt the launch of San Anotnio's new product TURNT UP BY THE CHAMP including interfering with San Antonio's relationships with its industry partners.

7.  San Antonio does not infringe any rights of Defendant. Therefore, there is a real, immediate and justiciable controversy between the parties. A judicial declaration is necessary to determine the respective rights of the parties regarding the asserted TURN UP trademark, and San Antonio respectfully seeks a judicial declaration that San Antonio's marks do not infringe Defendant's trademark rights.

/ / /

COMPLAINT

**THE PARTIES**

8.  Plaintiff San Antonio Winery, Inc. is a corporation duly organized and existing under the laws of the State of California and has its principal place of business, and the oldest winery in the City and County of Los Angeles, located at 737 Lamar Street, Los Angeles, California 90031.

9.    Upon information and belief, Defendant James Lindsay is an individual having an address of 150 SE 2nd Avenue, Miami, Florida 33131. Mr. Lindsay is the owner of U.S. Trademark Application Serial No. 98528597 for the mark "TURN UP" for use in connection with various non-alcoholic and alcoholic beverages.

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1338, 2201 and 2202 in that this is an action for a declaratory judgment that the Plaintiff does not infringe Defendant's alleged trademark rights. The goodwill value of San Antonio's TURNT UP BY THE CHAMP exceeds $75,000.

11.    This Court has specific personal jurisdiction over Defendant on the grounds that Defendant has consciously and purposefully directed his conduct and activities at San Antonio, a company that resides and operates in this District. As previously described, Defendant has threatened that San Antonio must comply with its demands, including destroying all of its materials bearing the mark at issue, or face legal action. Defendant has purposefully directed his activity relating to this dispute at San Antonio in this District, and this action arises out of and directly relates to Defendant's contacts with San Antonio in this District.

12.    In doing so, Defendant has established sufficient minimum contacts with the Central District of California such that Defendant is subject to specific personal jurisdiction in this action.  The exercise of personal jurisdiction based on his directed threats and contacts does not offend traditional notions of fairness and substantial justice.  See *SnapRays, dba SNAPPOWER v. Lighting Def. Group*, No. 2023-1184 (Fed. Cir. May 2, 2024).

- 2 -

13.    Venue is proper in this Court under 28 U.S.C. § 1391(d) in that, a substantial part of the events giving rise to these claims occurred in this judicial district as discussed above.

## SAN ANTONIO WINERY

14.    San Antonio is a family-owned corporation that is engaged in, among other things, the production, sale and international distribution of wines and other alcoholic and non-alcoholic beverages.

15.    Since its founding in 1917, the winery has persevered through prohibition, the Great Depression, and World War II to become one of the most awarded wineries in California with locations in Los Angeles, Monterey, Paso Robles and Napa Valley.

16.    Over the years, its wines have won numerous wine competition awards including, being honored as the American Winery of the Year in 2018 by Wine Enthusiast. Some of its estate wines are San Simeon®, Opaque®, Maddalena® and Bodega de San Antonio®, but its most famous brand is Stella Rosa®.  See https://sanantoniowinery.com/our-wines/.

17.    San Antonio owns numerous trademark registrations both in the United States and internationally to protect its brands.  The company routinely monitors and enforces its own trademark rights and respects the rights of others.

18.    The beverage market is constantly evolving to keep up with consumer preferences and demands.  In July of 2025, San Antonio launched a new product called "TURNT UP BY THE CHAMP."



- 3 -

COMPLAINT

19.     TURNT UP BY THE CHAMP is a wine with a relatively high alcohol content at 16%.

20.     A cursory search of the USPTO records and the marketplace indicates that multiple parties use "TURN" comprising marks in connection with alcoholic and non-alcoholic beverages.

21.     In preparation of the launch, San Antonio filed intent-to-use U.S. Application Serial No. 98624603 on June 28, 2024 for the mark TURNT UP BY THE CHAMP for use in connection with alcoholic beverages, except beer (the "'603 Application").  The United States Patent and Trademark Office (USPTO) approved the '603 Application and a Notice of Allowance issued on April 8, 2025.

22.     On May 2, 2025, San Antonio filed U.S. Application Serial No. 99167462 for the mark TURNT UP for its intended use in connection with alcoholic beverages except beer and non-alcoholized wine (the "'462 Application"). As shown above, San Antonio uses the phrase "TURNT UP" in connection with its product packaging, marketing and promotion of TURNT UP BY THE CHAMP.

23.     TURNT UP BY THE CHAMP is presently for sale in some states with a nationwide rollout in process. San Antonio has started its advertising and marketing campaigns in social media and in the marketplace.

24.     San Antonio's use of the TURNT UP BY THE CHAMP and TURNT UP marks (collectively the "TURNT UP Marks") distinguishes its wine from the goods and services made and sold or offered by others by, among other things, prominently displaying the marks on its products, on its Internet websites and on advertising materials promoting its goods.  Attached as **Exhibit "A"** is a picture of San Antonio's product.

25.     The presence of the TURNT UP Marks on San Antonio's goods indicates to the public that goods provided under the TURNT UP Marks originate with, or are provided by, San Antonio. San Antonio adheres to strict quality standards in the manufacture of its wines. The TURNT UP Marks will attain

considerable value, and the goodwill associated with them will be a valuable

business asset as the consuming public associates the TURNT UP Marks with San

Antonio.

## DEFENDANT'S THREATENING ACTS

26.     According to the USPTO records, on May 1, 2024, Defendant filed U.S.

Application Serial No. 98528597 for the mark "TURN UP" for use in connection

with alcoholic and non-alcoholic beverages (the "'597 Application").

27.     On or about July 7, 2025, San Antonio received a cease-and-desist letter

from Defendant's counsel (the "C&D Letter"). A true and correct copy of the C&D

Letter is attached as **Exhibit "B."**

28.     The C&D Letter contends that "Mr. Lindsay objects to [San Antonio's]

use and any attempted registration of "TURNT UP" or any other confusingly similar

variation in connection with alcoholic beverages or any related goods or services

within the applicable class."

29.     The C&D Letter further demands San Antonio, "…deliver-up for

destruction all material to which the TURNT UP trademark, or any other mark

confusingly or deceptively similar to our trademark has been applied." And finally,

Defendant is demanding fifty thousand dollars ($50,000) in damages that Defendant

has allegedly suffered.

30.     Defendant contends that if San Antonio does not comply with his

demands, legal action will result, "whereby he will ask for [his] damages caused by

[San Antonio's misuse of [his] mark, all past and current future profits [San Antonio]

has earned and all costs and attorneys' fees."  The threat was not well-advised in that

at the time, and probably still, Mr. Lindsay only had an application pending for

trademark protection; a mere application provides no rights and could not have

lawfully sold any alcoholic beverages in interstate commerce since, on information

and belief, he failed to obtain a certificate from the Alcohol and Tobacco Tax and

Trade Bureau. Furthermore, at the time the letter was sent, San Antonio had not even

COMPLAINT

sold product; how could there be damages?

31.     Moreover, the '597 Application claims a bona fide intent to use TURN UP for the following goods:  *Alcoholic energy drinks; Blended spirits; Bourbon; Bourbon whiskey; Bourbon whisky; Brandy spirits; Distilled spirits; Gin; Hard cider; Hard seltzer; Liquor; Spirits; Spirits and liqueurs; Whiskey; Whiskey spirits; Wine coolers being drinks.*  It is implausible that an individual can develop, obtain the licenses, produce and sell all of these goods.  So, on information and belief, the application should be cancelled for fraud.  Defendant has to date provided no information showing an actual bona fide intent such as product or service development; market research; manufacturing or distribution agreements; marketing or advertising materials; licensing or franchising arrangements; or business plans or budgets.

32.     In response to the C&D Letter, San Antonio's counsel sent a letter explaining why there is no confusion and no likelihood of confusion between its TURNT UP Marks and any product allegedly sold or intended to be sold by Defendant. Attached as **Exhibit "C"** is a true and correct copy of San Antonio's response letter.

33.     Because of the recent launch and potential harm to San Antonio and its retail partners, San Antonio requested Defendant to retract his demands and allegations of infringement.

34.     To date, San Antonio has not received a response. San Antonio has incurred substantial fees and costs in investigating the allegations, preparing a responsive letter, and bringing this action.

35.     By reason of Defendant's acts, as alleged herein, there is an actual, justiciable, substantial, and immediate controversy between San Antonio, on the one hand, and Defendant, on the other, regarding whether San Antonio infringes any trademark rights owned by Defendant in and to the TURN UP mark.

## **CLAIM FOR RELIEF**

**(**Declaration of Non-Infringement – TURN UP)

36.    San Antonio repeats and re-alleges paragraphs 1 through 35 as though fully set forth in this paragraph.

37.    There is presently a dispute between San Antonio and the Defendant regarding the parties' rights.

38.    The Defendant, on the one hand, contends that San Antonio cannot use or register TURNT UP or marks comprising TURNT UP including TURNT UP BY THE CHAMP in connection with wines or non-alcoholic wines.

39.    San Antonio, on the other hand, contends that its use of TURNT UP and/or TURNT UP BY THE CHAMP in connection with wines will not cause consumers to believe that San Antonio's wine comes from Defendant or that San Antonio's wine is affiliated with, connected with or sponsored or licensed by Defendant because, among other things:

    a. The marks are not the same in that San Antonio's TURNT UP BY THE CHAMP has several additional terms which means the respective marks are not the same in sight or sound, the commercial impression of TURNT UP BY THE CHAMP is different from TURN UP and TURNT UP is used in connection with the product packaging, marketing and promotion of TURNT UP BY THE CHAMP;

    b. The goods are not the same; Defendant's applied-for goods do not include wine or non-alcoholic wine; see *G.H. Mumm & Cie v. Desnoes & Geddes Ltd.*, 917 F.2d 1292, 16 USPQ2d 1635 (Fed. Cir. 1990);

    c. San Antonio's product packaging is distinct and has source-identifying information such as Made in Italy and IL CONTE Imports which is a brand of San Antonio, "Il Conte" being the

subject of a U.S. trademark application which will soon be published and which is also pending in Europe;

d.  San Antonio has obtained a license to use its TURNT UP Marks in connection with its goods from a party with rights in and to TURN UP senior to Defendant; and

e.  Numerous marks comprising "TURN" as a formative coexist in the marketplace and on the Principal Register of the U.S. Patent and Trademark Office.  Thus, it appears that multiple entities can coexist in the marketplace and on the Principal Register without confusion and demonstrates that it is highly unlikely there will be any likelihood of confusion in the future.

40.   For all of the foregoing reasons, among others, San Antonio contends that its use of TURNT UP BY THE CHAMP and TURNT UP in connection with the production, promotion and sale of wines does not infringe any valid, enforceable trademark rights of Defendant, if they exist at all.

41.   Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, San Antonio is entitled to a judicial declaration as to whether its use and registration of the TURNT UP Marks in connection with wines infringes any valid rights of Defendant.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

42.   San Antonio repeats and re-alleges paragraphs 1 through 35 and 36 through 41 as though fully set forth in this paragraph.

43.   The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to stifle lawful competition by asserting claims of infringement based on a fraudulent trademark application and no common law rights.  Defendant's baseless claim of infringement is not well-grounded in fact or law and is being used for an improper purpose. Such acts have

caused and will continue to cause irreparable and immediate injury to San Antonio, for which San Antonio has been subjected to undue threats and costs.  Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## **PRAYER FOR RELIEF**

WHEREFORE, San Antonio prays for relief as follows:

1.      That the Court declare that San Antonio has not and will not infringe any valid, protectable trademark rights of Defendant;

2.      That the Court declares that Defendant's objection and/or opposition to San Antonio's use or registration of the TURNT UP Marks in connection with wines and non-alcoholized wines is unfounded and Defendant is prohibited from challenging the '603 Application or '462 Application or any registration issuing therefrom before the Trademark Trial and Appeal Board;

3.      That Defendant has no enforceable rights in the Turn Up mark as a trademark;

4.      For an injunction ordering Defendant not to interfere with San Antonio's sales and marketing of its TURNT UP BY THE CHAMP wines;

5.      For an award of costs as provided by law;

6.      For reasonable attorney fees, if allowable;

7.      Cancellation of U.S. Trademark Application Serial No. 98528597 for fraud; and

8.      For such other and further relief as the court deems just and proper.

///
///
///

- 9 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CISLO &THOMAS LLP

DATED:  July 31, 2025          By:     /s/Jeffrey G. Sheldon
                                        Jeffrey G. Sheldon

                                        Attorneys for Plaintiff,
                                        SAN ANTONIO WINERY, INC.

- 10 -